# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, vs. TIMOTHY PAUL JONES, Defendant. | Case No. CR09-0016 ORDER FOR PRETRIAL DETENTION |

On the 17th day of April, 2009, this matter came on for hearing on the Government's request to have the Defendant detained prior to trial. The Government was represented by Assistant United States Attorney Daniel Aaron Chatham. The Defendant appeared personally and was represented by his attorney, Michael K. Lahammer.

## RELEVANT FACTS

On April 14, 2009, Defendant Timothy Paul Jones was charged by Indictment (docket number 3) with one count of conspiracy to distribute cocaine base, three counts of distribution of cocaine base, one count of distribution and aiding and abetting the distribution of cocaine base, and one count of being a felon in possession of a firearm. Defendant entered a plea of not guilty and trial is scheduled before Chief Judge Linda R. Reade on June 15, 2009.

Task Force Officer Steven Warner testified regarding the circumstances underlying the instant charges. On March 28, 2008, a confidential informant (CI) and undercover officer (UO) made a controlled purchase of 6.4 grams of crack cocaine from Defendant near the Lindale Mall. After getting in the vehicle occupied by the CI and UO, Defendant delivered the crack cocaine in exchange for $600. The transaction was recorded and the

1

CI was searched before and after the event. Defendant was identified in a post-buy traffic stop.

A similar controlled buy occurred on April 14, 2008. Defendant got into the vehicle occupied by the CI and UO. Defendant delivered 5.5 grams of crack cocaine and received $500. The transaction was recorded and the CI was searched before and after the event.

On April 24, 2008, the UO met with Defendant alone. Defendant delivered 13.2 grams of crack cocaine to the UO and was paid $600. The transaction was recorded.

On July 1, 2008, the UO met Defendant in the Hy-Vee parking lot near Lindale Mall. On that occasion, Defendant brought another person with him. Defendant got into the UO's car and delivered 27.9 grams of crack cocaine. Defendant then returned to his vehicle and the other person got out and came over to the UO's vehicle. The UO then paid the other person $1200.

On October 28, 2008, Cedar Rapids police officers responded to a disturbance call. Task Force Officer Warner testified that officers found a white Suburban, with Defendant driving and another person as a passenger. Defendant was identified and arrested pursuant to an active warrant. A search incident to arrest was then conducted of the vehicle and a loaded handgun was found under the front seat. In a post-*Miranda* interview, Defendant admitted that he had purchased the gun and used it for protection. In cross-examination, however, Defendant's counsel suggested that the vehicle was empty when the Cedar Rapids police officers arrived and the search was unconstitutional.

According to the pretrial services report, Defendant is 30 years old and has lived in Cedar Rapids, Iowa, for the last 15 months. Prior to that time, Defendant lived in the Chicago, Illinois, area. Defendant has never been married, but has three children from two prior relationships. Those children live in the Chicago area. Defendant currently lives with his girlfriend in Cedar Rapids.

Defendant has no history of any medical or mental health problems. He drinks alcohol occasionally, but denies that it has been problematic. Defendant smoked marijuana when he was 18 years old, but denies any use of controlled substances since then. Defendant has worked periodically since moving to Iowa, but was recently laid off.

In 2004, Defendant was sent to prison in Illinois following a conviction for possession of a controlled substance. He was paroled after only two months. While on parole, however, Defendant was arrested on two counts of manufacture or delivery of cannabis. As a consequence, Defendant was sentenced to serve an additional prison term and his parole was revoked. Defendant was released from prison, however, after approximately three months. He was discharged from parole in March 2006.

## DISCUSSION

The release or detention of a defendant pending trial is governed by the Bail Reform Act of 1984, 18 U.S.C. § 3142. In *United States v. Salerno*, 481 U.S. 739 (1987), the United States Supreme Court upheld the constitutionality of the Bail Reform Act of 1984, while noting that "[i]n our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." *Id.* at 755.

If the government moves to have a defendant detained prior to trial, the court must undertake a two-step inquiry. *United States v. Friedman*, 837 F.2d 48, 49 (2d Cir. 1988). It must first determine by a preponderance of the evidence whether defendant has been charged with a certain type of offense listed in 18 U.S.C. § 3142(f)(1), or that the defendant presents certain risk factors, as identified in § 3142(f)(2). *Id.* Once this determination has been made, the court then determines whether any condition or combination of conditions will reasonably assure the defendant's appearance at trial and the safety of the community. *Id.*

In seven enumerated circumstances, a judicial officer must hold a hearing to determine whether any release condition or combination of release conditions will reasonably assure the appearance of defendant as required and the safety of the

community. 18 U.S.C. § 3142(f). The first five enumerated circumstances refer to "offense types," such as crimes of violence, serious drug offenses, and felonies involving minor victims. 18 U.S.C. § 3142(f)(1). The last two enumerated circumstances where a hearing is required involve "risk factors." 18 U.S.C. § 3142(f)(2). In this case, Defendant is charged with one count of conspiracy to distribute cocaine base, three counts of distribution of cocaine base, one count of distribution and aiding and abetting the distribution of cocaine base, and one count of being a felon in possession of a firearm, which are offenses found in § 3142(f)(1). The Government also alleges a serious risk of flight.

If, following a hearing, "the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community," then the judicial officer must order the defendant detained pending the trial. 18 U.S.C. § 3142(e). A finding that no condition or combination of conditions will reasonably assure the safety of the community must be supported by clear and convincing evidence. 18 U.S.C. § 3142(f). A finding that no condition or combination of conditions will reasonably assure the defendant's appearance, however, must only be established by a preponderance of the evidence. *United States v. Orta*, 760 F.2d 887, 891 (8th Cir. 1985). "Perhaps counter-intuitively, the government's evidentiary burden is lesser to prove a flight risk than to prove risk of harm." *United States v. Kisling*, 334 F.3d 734, 735, n.3 (8th Cir. 2003) (citing *Orta*).

In determining whether any condition of combination of conditions will reasonably assure the defendant's appearance as required and the safety of the community, the Court must take into account the available information concerning (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant, including (a) the defendant's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or

alcohol abuse, criminal history, and record concerning appearance at court proceedings, and (b) whether, at the time of the current offense or arrest, the defendant was on probation, parole, or other pretrial release; and (4) the nature and seriousness of the danger to the community that would be posed by the defendant's release. 18 U.S.C. § 3142(g). *See also United States v. Abad*, 350 F.3d 793, 797 (8th Cir. 2003).

Turning to the facts in the instant action, Defendant is charged with conspiracy to distribute 50 grams or more of crack cocaine after having previously been convicted of two felony drug offenses, three counts of distribution of crack cocaine, one count of distribution and aiding and abetting the distribution of crack cocaine, and with being a felon in possession of a firearm. Because of his prior drug convictions, if convicted on Count 1, Defendant faces a term of life in prison. The four controlled buys which give rise to these charges were recorded and involved an undercover officer. Accordingly, the weight of the evidence is strong. The weight in the evidence on the weapons charge potentially depends on the outcome of an anticipated motion to suppress. Defendant has only lived in Iowa for 15 months, and most of his ties are to Illinois. Defendant apparently has two prior felony drug convictions, with the second offense occurring while Defendant was on parole for the first offense. Accordingly, Defendant has demonstrated an inability to comply with the terms of a prior supervision. Finally, the Court notes that the combination of drug dealing and possession of a firearm constitutes a danger to the community.

If the Court finds there is probable cause to believe that the person committed an offense for which a maximum term of imprisonment of ten years or more is prescribed by the Controlled Substances Act, 21 U.S.C. § 801 *et seq.*, then there is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community. The return of an Indictment by a Grand Jury is sufficient to support a finding by the Court that there is probable cause to believe that the Defendant committed the offense identified in the

Indictment. *United States v. Payne*, 660 F. Supp. 288, 291 (E.D. Mo. 1987). In a "presumption case," the defendant bears a limited burden of production--not a burden of persuasion--to rebut the presumption by coming forward with evidence he does not pose a danger to the community or a risk of flight. *Abad*, 350 F.3d at 797 (citing *United States v. Mercedes*, 254 F.3d 433, 436 (2d Cir. 2001)). Once the defendant has met his burden of production relating to these two factors, the presumption favoring detention does not disappear entirely, but remains a factor to be considered among those weighed by the court. *Id. See also United States v. Jessup*, 757 F.2d 378, 382-84 (1st Cir. 1985).

Based on the legal standards set forth above, and considering the evidentiary factors found in 18 U.S.C. § 3142(g), the Court finds the Government has met its burden of proving by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of Defendant as required. The Court further finds by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of the community if Defendant is released. Therefore, pursuant to 18 U.S.C. § 3142(e), the Court concludes that Defendant should be detained prior to trial. Defendant was advised in open court of his right to file a motion with the District Court for revocation or amendment of this Order.

## ORDER

IT IS THEREFORE ORDERED as follows:

1. The Defendant is committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

2. The Defendant shall be afforded reasonable opportunity for private consultation with counsel.

3. On order of a Court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the Defendant is

confined shall deliver the Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

4. The time from the Government's oral motion to detain (April 16, 2009) to the filing of this Ruling (April 20, 2009) shall be excluded in computing the time within which the trial must commence pursuant to the Speedy Trial Act. 18 U.S.C. § 3161(h)(1)(F).

DATED this 20th day of April, 2009.

JON STUART SCOLES
UNITED STATES MAGISTRATE JUDGE
NORTHERN DISTRICT OF IOWA